[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action challenging the validity of § 14-33 of the General Statutes which directs the Commissioner of Motor Vehicles not to issue or renew the motor vehicle registration of any owner of a motor vehicle who has unpaid fines for more than five parking violations committed in any municipality with a population of 100,000 or more.
The plaintiff owns a Plymouth automobile carrying Connecticut registration number 202CHL which had more than five parking violations occurring within New Haven, a city with a population over 100,000.
On April 25, 1989, an officer of the New Haven Police Department wearing shield number 704 at 2:46 p. m. noticed a car with the above registration number, parked on Wall Street, near Church Street, at a meter the time for parking at which had CT Page 7094 expired. The officer put a ticket on the car for violation of parking regulations. The ticket was numbered 677,064.
On April 27, 1989, the same officer, at 3:48 p. m., noticed the car with the same registration number parked on Temple Street near Wall Street at a meter the time for parking at which had expired. The officer put a ticket on the car for violation of parking regulations. The ticket was numbered 678,638.
Thereafter, on April 29, 1989, the plaintiff filed a document with the city labelled: "Towing and/or Parking Violation Complaint" "(File Only If You Feel You Were Improperly Ticketed/Towed)". As to the ticket for the April 25 date, the plaintiff in the area, marked "Nature of Complaint" stated: "Called to court and could not return to put $ in meter." He checked the box on that document labelled "Parking Ticket Contestment".
Also on April 29, 1989, the plaintiff filed a document similar to the one described in the previous paragraph as to the April 27, 1989 dated [sic] stating: "Called to court in emergency. Unable to return to meter." On the document he checked the box labelled "Parking Ticket Contestment".
In two letters dated July 3, 1989, the Parking Enforcement Administrator of the City wrote to the plaintiff. Both letters were addressed to "David Presnick". The plaintiff's handwriting on the two Parking Ticket Contestment letters were such that the writer of the letters of July 3, 1989 had difficulty deciding who, in fact, had written the Parking Ticket Contestment letters.
The first letter concerned "Parking Violation Number 677,064" which occurred on April 25, 1989. It stated in part:
 "Your letter contesting the above parking violation has been received. A review of this violation (attached) confirms your vehicle was illegally parked when violation #44 Meter Expired was issued. . . . Since the vehicle was parked in violation, payment for such is still due. The late penalty will be waived if payment of the original fine of $10.00 is received within 10 days of the date of this letter."
The letter was signed "Charles A. Wailonis — Parking Enforcement Administrator". At the bottom of the letter in smaller CT Page 7095 print are four numbered sentences as follows:
 "NOTICE: If payment is not received as noted above: 1. the owner or operator of the vehicle remains liable for the violation noted, and the amount of penalty due is double the original fine;
 2. you may contest violation liability before a parking violations hearing officer by delivering in person or by mail written notice within ten days of the date of this letter;
 3. if you do not demand such a hearing, an assessment and judgement shall enter against you; and
4. such judgement may issue without further notice."
A similarly dated letter concerned "Parking Violation Number 678638." Both letters have stamped on them "REFUSED — 07/25/89 -" with a small signature written on oval reading apparently "ORTIC".
Section 7-152b of the General Statutes covers "Hearing procedure for parking violations." Subsection (c) provides for a hearing before a "parking violation hearing officer" for the owner operator of a motor vehicle who has received a ticket for parking violations. At the hearing, the person requesting the hearing may contest the charge by evidence in his behalf. The rules of evidence shall not be strictly applied but all testimony shall be given under oath and the hearing officer shall announce his decision at the end of the hearing. Subsection (d) provides that a person against whom assessment has been sustained shall be entitled to a judicial review by way of appeal to the Superior Court and a hearing shall be conducted in accordance with the rules of the Superior Court.
As the matter now stands, the plaintiff could have had a hearing before a "parking violations hearing officer" concerning each of the two parking violations he was charged with. It is a fair inference from his failure to ask for a hearing before that officer that he had nothing further to offer by way of evidence than the two statements in the Parking Ticket Contestment Letters. On their face, he had no defense to the parking tickets.
Four years later, in July 1993, the plaintiff was notified that the registration plates on his car had to be renewed, the CT Page 7096 expiration date being 7/31/93. He found that he could not get the renewals because the car registration form contained the words "PRKNG — VIOL NHVN — 2 PLATES". With the form was a "NOTICE OF . . . UNPAID PARKING FINES". It stated: "The enclosed registration renewal application indicates which situation applies to you. Section 14-33 C.G.S. requires the commissioner of motor vehicles to DENY registration until proof of payment of . . . parking fines is presented to DMV . . . PROOF OF PAYMENT FOR UNPAID PARKING VIOLATION FINES. A special receipt from the municipality."
The plaintiff did not use the legal remedies available to him under the statutes. In July 1993 he could not ask for a hearing on the parking tickets before a parking violations hearing officer. The time for doing so had long since elapsed. The plaintiff asked for a hearing by the Department of Motor Vehicles. No hearing at that time was available for him. Although he stated in his letter to the Department of Motor Vehicles dated July 11, 1991: "Please note that I have never been given any hearing in court concerning this matter." He could have had one had he followed the procedure available to him in July 1989, but he voluntarily did not do so. Now, he has no right to use the instant collateral attack on the parking tickets.
The court finds that the regulations and statutes are a reasonable effort to control parking within the City of New Haven and are constitutional.
Judgment may enter for the defendant.